IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 APR 18 P 1:29

CLERK C. Robinson
SO. DIST. OF GA.

LaDARRELLE RHAMEK DIXON,

    Petitioner,

vs.

RANDY F. ROYAL,

    Respondent.

CIVIL ACTION NO.: CV513-011

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner LaDarrelle Dixon ("Dixon"), an inmate currently incarcerated at Muscogee State Prison in Columbus, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Superior Court of Ware County. Respondent filed an Answer-Response and a Motion to Dismiss. Dixon filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Dixon was convicted in April 2012, after a jury trial, in the Ware County Superior Court of criminal attempt to furnish prohibited items to inmates. Dixon was sentenced to five years' imprisonment, to be served consecutively to any federal sentence then being served. (Doc. No. 6-1, p. 1). It does not appear that Dixon filed a motion for new trial, a direct appeal, or a petition for writ of habeas corpus in a Georgia court.

AO 72A
(Rev. 8/82)

Dixon filed this federal habeas corpus petition on January 31, 2013. (Doc. No. 1). He asserts that he was sentenced illegally to five years' imprisonment even though he was convicted of a misdemeanor offense. Dixon contends that the final disposition in his criminal case was forged, resulting in a false conviction. Dixon also contends that he was convicted of a crime different than the one for which he was indicted. Dixon further contends that he is being incarcerated for an offense for which he was not convicted. Respondent contends that Dixon's petition should be dismissed because he failed to exhaust his state court remedies before filing his section 2254 petition.

## DISCUSSION AND CITATION OF AUTHORITY

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847 (1999). Therefore, in order to exhaust state

remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) and (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Dixon avers that he has limited legal knowledge and that his public defender has rendered ineffective assistance in his case. Dixon also avers that he does not have an

3

idea what the status of his case is. Even accepting Dixon's averments as true, his petition should be dismissed. Dixon has not shown that he attempted to exhaust his state court remedies before he filed this cause of action. Dixon has available to him many options, including filing what undoubtedly would be an out-of-time motion for a new trial with the trial court or a direct appeal of his conviction. Dixon is capable of filing a *pro se* pleading, which he has shown by filing this § 2254 petition. Dixon fails to show there is an absence of available State corrective process or that circumstances are such that the available process is ineffective.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Dixon's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 18th day of April, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)